CHENAULT (DORSEY v.). See Case No. 4,013.

CHENAULT (UNITED STATES v.). See Case No. 14,791.

## Case No. 2,636.

### In re CHENEY.

### [5 Law Rep. 19.]

Circuit Court, D. Massachusetts. March 19, 1842.

IMPRISONMENT OF BANKRUPT ON EXECUTIONS—EFFECT OF DISCHARGE—HABEAS CORPUS—ATTACHMENT UNDER MESNE PROCESS — EFFECT OF DECREE OF BANKRUPTCY.

1. One who has been declared a bankrupt is not entitled, as of course, to be discharged from imprisonment under an execution which issued and was served upon him, and under which he was committed, before the petition in bankruptcy was filed.

2. But, when the bankrupt has obtained his certificate of discharge, he is entitled to be released from imprisonment for the debt by the district court of the United States, and also by the state courts.

3. Whether the certificate of discharge relates back to the time of the commencement of the proceedings, and renders an intermediate imprisonment unlawful, thereby founding an action for false imprisonment,—quaere.

4. All attachments of the property of the bankrupt upon mesne process, after the commencement of the proceedings in bankruptcy, are avoided by the decree of bankruptcy; the property of the bankrupt being devested out of him, and vested in the assignee, when appointed, by mere operation of law.

5. Whether the bankrupt obtains a certificate of discharge or not, the property passes to the assignee, and is distributable among his creditors.

6. An attachment upon property under mesne process, is not, in the strict sense of the law, a lien on the property, although it bears a resemblance to it.

7. When a bankrupt is confined in close custody, he may be produced in court, by a writ of habeas corpus, whenever his presence is necessary for further proceedings in bankruptcy, before the court or a commissioner thereof.

This was a case of a petition by Jonathan H. Cheney to the district court of the United States, in which he set forth that, on the eighteenth day of December last past, he was committed to jail in the city of Boston on an execution sued out of the court of common pleas for the commonwealth of Massachusetts, holden at Boston aforesaid, in and for the county of Suffolk, by one Edward Flood, of said Boston, hair dresser; that, on the said eighteenth day of December, one Frederick Kidder, of Cambridgeport, in said district, became bail for the petitioner, and that afterwards, to wit, on the first Tuesday of March instant, the petitioner was, by a decree of this honorable court, declared to be bankrupt, on his petition, duly filed; that the ninety days, for which, by the laws of Massachusetts, poor debtors may be bailed for the jail limits, expired on Friday, the 18th of March instant, and the said Kidder then surrendered the petitioner to close jail in said Boston, wherein the petitioner was then confined; that he was and would be thereby prevented from attending to the property belonging to his creditors in bankruptcy, and rendering any assistance to his assignee, or preparing for his own examination, as by law is required. Whereupon, he prayed to this honorable court that such relief might be granted to him as should to the court seem fitting to his case, and, moreover, that the keeper of the jail in Boston, and the sheriff of the county of Suffolk, and his deputies, as well as the said Flood, be by said court ordered to discharge said petitioner, or cause said petitioner to be discharged, from said confinement and jail, and that the petitioner might have such further and other relief, in law and equity, as to this honorable court might appear meet. Upon hearing the petition, the district court passed a decree that the following questions be adjourned into the circuit court of the United States, to be there heard and determined, namely: "Whether the said sheriff and his deputies, and the keeper of the said jail and the said Flood, or any or either of them, shall be ordered to discharge the said Cheney from confinement in said jail; and whether any and what other relief shall be granted to the said petitioner?"

Edward G. Loring, for petitioner.
A. H. Fiske, for creditor.

STORY, Circuit Justice. The short state of the case is this: The petitioner, Cheney, was committed to gaol on an execution issuing against him from the state court of Massachusetts, in favor of the execution creditor, Flood, on the 18th of December, 1841. On the same day he gave bond, with sureties, in conformity to the state laws, to surrender himself to close gaol within ninety days, if the execution were not otherwise discharged. On the eighth day of March, 1842, upon his petition, Cheney was decreed to be a bankrupt; and he has since been surrendered, in discharge of his bond, and is now in close gaol on the execution. The prayer of his petition is, to be discharged from his imprisonment, or to have other relief, adapted to his case, in order to enable him to act in and submit to all proper proceedings under the bankruptcy.

The question, then, turns upon this,—

whether the bankrupt is, immediately upon his being decreed a bankrupt, entitled, as of course, to be discharged from imprisonment under an execution which issued and was served upon him, and under which he was committed, before the petition in bankruptcy was filed. The argument is that his personal presence and assistance are necessary to enable the assignee to wind up his affairs, as well to accomplish the purposes of the act, by enforcing his attendance and examination upon interrogatories, under the proceedings in bankruptcy. And it is said that in England, under the bankrupt system, the bankrupt is held entitled to a discharge from imprisonment on execution for a limited period, to accomplish these very objects. But it is to be taken into consideration that this authority is derived, not from general principles, but from the positive provisions of the statutes of bankruptcy. No correspondent provisions exist in our statute. And the question, therefore, is reduced to this: Whether the district court, sitting in bankruptcy, and having the full powers of a court of equity in all cases of bankruptcy, has authority, in virtue of that jurisdiction, to order the discharge of the bankrupt in this stage of the proceedings. I say in this stage of the proceedings, because it would be a very different question, if the bankrupt had obtained his certificate of discharge from all his debts; for then he would be entitled to be released by the district court, by injunction or other process, as well as by the state court upon a writ of habeas corpus, from farther imprisonment; and any subsequent imprisonment of him for the execution debt, if discharged by the certificate, would be illegal, and subject all the parties concerned therein to an action for false imprisonment. My opinion is, that no such right or jurisdiction attaches to the district court to order the discharge of the bankrupt from the execution, in the present stage of the proceedings. This is not the case of a debtor in execution under process from any court of the United States, over which the court may possess a power (I do not mean to say, that, if it were, it would, under the circumstances of the present case, make any essential distinction) to prevent its process from being used oppressively, or abused contrary to the general requirements of the laws of the United States. But, here, the execution is from the state court, and the party stands committed under that execution, and he must be treated, notwithstanding his intermediate liberty, upon giving bond, to be at large within the gaol limits, to have been upon his surrender at all times in custody, under and in virtue of that execution. A debtor in execution is not less in custody upon execution, who is at large within the prison limits, under bond for the liberty of such limits, than if he were in close custody. In each case he may commit an escape; and if he goes beyond the gaol

limits, having given bond, it is an escape, which is a breach of the bond, for which he and his sureties are liable. It is not like the case of bail upon mesne process, where the debtor, although in one sense in the custody or power of his bail for the purpose of a surrender, is deemed for all other purposes lawfully at large. Certainly the courts of the United States gave no authority to intermeddle with state process, except in cases, where, either expressly, or by necessary implication, such an authority is given by law. The state sovereignty is supreme within its own sphere; and the process thereof must have full effect and operation, until displaced by some other constitutional authority, which controls or qualifies it.

Now, upon what ground can it be said, in this case, that the bankrupt has a clear title to be released from imprisonment? He has not as yet obtained any certificate of discharge from the debt, or his other debts. Non constat, that he ever will obtain such a certificate. If he never does obtain it, he must still remain liable for the debt, and be bound by the execution to satisfy it. How then can he now be entitled to be discharged from imprisonment under the execution, since the debt is not satisfied and discharged, and it rests in contingency, whether it ever will be by any proceedings under the bankruptcy? The case is not so strong as that of an arrest in execution, issued after the proceedings in bankruptcy have commenced, and are in progress; and yet it might not perhaps, in such a case, make any difference in the application of the doctrine, unless, indeed, where the bankrupt was at the time of the arrest in attendance upon the court, or going to or returning from the court; for then, like the parties and witnesses in common suits in other courts, the bankrupt would be entitled to the common privilege and protection granted by law to all such persons, eundo, morando, et redeundo. The case, too, is not affected by the same considerations as apply to attachments of the property of the bankrupt, made after the commencement of proceedings in bankruptcy upon mesne process, or upon execution; for in such cases, clearly upon principle (whatever may be the rule in cases of prior attachments, on which I give no opinion), all such attachments are avoided by the decree in bankruptcy, by relation from the time of filing the petition; and all the property then possessed by the bankrupt is divested out of the bankrupt and vested in the assignee, when appointed, by mere operation of law, from the same period. And it is wholly immaterial, as to the invalidity of such attachments, whether the bankrupt subsequently obtains a certificate of discharge or not, since in either event the property is divested out of him and passes to the assignee, and is distributable among his creditors. The attachment cannot and ought not to be per-

mitted to create any obstruction to the full exercise of the powers and authorities of the courts in bankruptcy over the property; and the court may by injunction prohibit any interference of the officer and attaching creditor therewith. An attachment upon property under mesne process is not, indeed, in the strict sense of the law, a fixed lien on the property, although it may in some respects bear an analogy or resemblance to it. It is but a mode of executing process, giving contingent rights and contingent interests, and liable to be affected or displaced by many other subsequent operations. But from the moment a petition in bankruptcy is filed, the property of the bankrupt is, in contemplation of law, surrendered by him to the custody of the court; and the court will not permit its rights or duties or functions in regard to it to be interfered with or controlled by private creditors.

But it is asked, how, if the bankrupt is confined in close custody, he is to be produced in court, whenever his presence is necessary for farther proceedings in bankruptcy, before the court or a commissioner thereof? The true answer is, by a writ of habeas corpus, which the court is competent to grant, in virtue of its general powers, for the purposes of justice; and when these purposes are answered, the party is, toties quoties, to be remanded to the lawful custody of the gaoler. It may be inconvenient; it may be dilatory; it may be expensive to resort to this course; but the inconvenience, if practically found to be great, may be overcome by an act of congress. At present, I do not apprehend, however, that much practical inconvenience will arise under this head. In the first place, the creditor will not be permitted to prove the debt in bankruptcy, unless he consents to discharge the bankrupt from custody; and, indeed, the fifth section of the act of congress of 1841, c. 9 [5 Stat. 444], contemplates the proving of the debt in bankruptcy to be a waiver of all right of action and suit against the bankrupt, and a surrender of all proceedings already commenced, or judgments obtained against him. It is true, that the creditor may, if he has not proved his debt in bankruptcy, under some circumstances, independently of and not governed by the statute of Massachusetts (Rev. Laws, 1835, c. 97, § 59), by a voluntary discharge of his debtor, who is in execution, from imprisonment, release his debt, unless the debtor assents to the discharge, with an agreement that it shall not be a discharge of the debt. But the debtor will rarely or never withhold such assent; and certainly the court would not aid him in withholding it. On the other hand, there is a question, which may arise upon this subject, important for the consideration of the creditor (upon which, however, I give no opinion), which is, whether, if the bankrupt should obtain his discharge, it will not relate back to the time of filing his petition,

and affect all debts proved under the bankruptcy, so as to make the intermediate imprisonment of the execution debtor unlawful, and thereby found an action for false imprisonment against the creditor. This difficulty can readily be avoided by the creditor, if he chooses, either by an agreement with the debtor, or by a voluntary proof of his debt in bankruptcy.

These are the most material considerations, which appear to me to be important to suggest upon the present occasion. Upon the whole it is my opinion that the petitioner is not entitled to any discharge from imprisonment, or to any other relief, in the present stage of the proceedings in bankruptcy; and I shall order it so to be certified to the district court. Decree accordingly.